STATE of Missouri, Respondent,

v.

Theresa HARRIS, Appellant.

No. WD 32086.

Missouri Court of Appeals,
Western District.

Aug. 25, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 13, 1981.

Application to Transfer Denied
Nov. 10, 1981.

John Ashcroft, Atty. Gen., Jay D. Haden, Rosalynn Van Heest, Jefferson City, for respondent.

Before KENNEDY, P. J., and SOMERVILLE and SHANGLER, JJ.

KENNEDY, Presiding Judge.

Defendant was convicted after a jury trial of second-degree robbery in violation of § 569.030, RSMo 1978. In accordance with the jury verdict she was sentenced to five years' imprisonment.

Second-degree robbery is defined by § 569.030, RSMo 1978, as "forcible stealing", which is in turn defined by § 569.010(1), RSMo 1978, as the use in the course of stealing of "physical force upon another person for the purpose of: (a) preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking..."

Defendant appeals to this court with the two allegations of trial error—first, in the omission of certain necessary findings from the court's instructions to the jury, and, second, in the insufficiency of the evidence to support the conviction.

The facts are as follows, as testified to by security guard Cheryl Fugate, the only witness to testify in the trial:

On September 28, 1979, defendant and a male companion, Timothy Stewart, were in Jones Department Store at Metro North Shopping Center. Defendant was seen by Cheryl Fugate, the security guard, to remove a skirt, jacket, vest and blouse from their racks and hang them together on another rack near an exit door. Defendant and Stewart then left the area, returning a few minutes later. Defendant removed the clothing from the rack and handed them to Stewart. Stewart placed his denim jacket over the clothing and they left through the nearby door.

Fugate accosted the couple on the sidewalk outside the store. She identified herself to them and asked them to return to the store. Defendant pushed by Fugate and entered a nearby parked car on the passenger side. Stewart walked briskly to

Robert G. Duncan, Kansas City, for appellant.

the driver's side of the car and entered, Fugate in pursuit. Before Stewart could close the door, Fugate struggled with him. She tried to retrieve the clothing which was lying on the seat between Stewart and the defendant, but defendant pulled them away from her.

Stewart backed his car out of the parking space, Fugate still preventing his closing the door. He pushed Fugate to the pavement and drove away.

Stewart and the defendant were later arrested and identified by Fugate as the culprits.

*Instructional error.*

■ Defendant complains of the omission from the court's instructions of a required finding that defendant must have known that Stewart was practically certain to commit the offense of robbery in furtherance of the offense of stealing. The court gave an instruction patterned after MAI–CR2d 2.10, but omitted the second paragraph of Sec. 2 of the pattern instruction. That paragraph would have told the jury that "a person is criminally responsible for any other offense which he knew that such other person was practically certain to commit in the course and furtherance of the particular offense initially contemplated". Defendant says that paragraph should not have been omitted, and also that such a finding should have been required by the verdict-directing instruction. The verdict-directing instruction did not require such a finding.

The criticism now made of the instructions appears for the first time in appellant's brief in this court. It was not contained in her original oral objection to the instructions before they were read to the jury, nor in her motion for a new trial. It is therefore not preserved for review.

At defendant's request, however, we have examined the point for plain error under Supreme Court Rule 29.12.

Defendant's argument assumes that the actual crime of second-degree robbery, which occurred outside the store, was the act of Stewart alone, and that the state sought to convict defendant by proof that

she engaged in the stealing with Stewart and was therefore vicariously guilty of his robbery committed without her aid or participation. If that were the case, defendant's argument would have more cogency. That however was not the state's theory. The verdict-directing instruction required that the jury find that defendant "either before or during the commission of the offense of robbery in the second degree with the purpose of promoting its commission aided (Stewart) in committing that offense". It called for a finding of defendant's aid of Stewart in committing the offense of *second-degree robbery*. As we shall point out in our discussion of the sufficiency of the evidence, there was evidence of defendant's personal participation in the forceful retention of the stolen property.

■ The instructions taken together fairly present the crime of second-degree robbery in the context of the evidence, and we are satisfied that defendant suffered no prejudice as a result of any deviation from MAI–CR2d instructions. *State v. Clark*, 607 S.W.2d 817, 821 (Mo.App.1980). Finding no plain error, this point of defendant's is disallowed.

*Sufficiency of evidence.*

Defendant challenges the sufficiency of the evidence to support the conviction. She claims it falls short of proving certain statutory elements of the crime. The "forcible stealing" concept of § 569.030 and § 569.-010(1), RSMo 1978, is new in our new Criminal Code, and neither party has cited any cases defining the terms which we are called upon to examine.

■ (a) *That the evidence does not show the use of "force" by defendant as required by statute.* Here she argues again, as she did under her instructional error point, that the stealing inside the store, without force, was complete before the events which took place outside the store. She claims that the stealing was the only offense in which she participated, and that she was not responsible for the robbery which occurred outside the store as Fugate was trying to prevent Stewart's (as defend-

ant says) escape with the stolen clothing. We repeat that there was evidence that defendant personally participated in the use of force in effectuating the escape with the clothing. She herself "shoved" Fugate "with her shoulder ... not an accidental bump ... like a football player" as she pushed by her when she and Stewart were first accosted on the sidewalk outside the store, and herself pulled away the clothes from Fugate's grasp during the struggle at the car. The evidence justified the jury's finding that the defendant personally participated in the use of force to escape with the stolen clothing. The force was sufficient for second-degree robbery. *People v. Santiago*, 62 A.D.2d 572, 405 N.Y.S.2d 752 (1978); *aff'd.* 48 N.Y.2d 1023, 402 N.E.2d 121, 425 N.Y.S.2d 782 (1980).[1]

Defendant points out that her pulling back the clothes from Fugate was not force "upon the person". But it is not necessary that the person be touched. The force shown—that is, of seizing and trying to free the clothing from Fugate—was sufficient for the forcible stealing of § 569.030 and § 569.010(1), RSMo 1978, even though the person of the victim was not touched by the defendant. *People v. Santiago*, supra.

(b) *That the force was not used "immediately" after the taking, hence there was no forcible stealing within the meaning of § 569.010 (1).* The word "immediately" in this context is elastic enough to cover the situation here. The sidewalk and car altercations flowed promptly and naturally from the taking of the clothes inside the store, without any intervening event or substantial lapse of time. *State v. Bitz*, 89 Idaho 181, 404 P.2d 628, 631 (1965).

(c) *Defendant says there was no evidence that the clothes were not paid for, hence no evidence that they were stolen to begin with.* From our statement of facts earlier in this opinion, it will be seen that the jury could conclude from the behavior of the defendant and Stewart that they stole the clothes in question.

1. *People v. Santiago*, supra, is a useful case for its discussion of forcible stealing, or second-degree robbery, as opposed to "stealing" where

The evidence was sufficient to withstand defendant's motion for a directed verdict and amply sustains the conviction.

The judgment is affirmed.

All concur.

"the actor physically takes the property from the person of the victim", a Class C felony under § 570.030.2 (2), RSMo 1978.