STATE of Missouri, Respondent,

v.

Timothy JONES, Appellant.

Nos. WD 46378, WD 48231.

Missouri Court of Appeals,
Western District.

Oct. 25, 1994.

Rebecca L. Kurtz, Asst. Appellate Defender, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P.J., and BRECKENRIDGE and SPINDEN, JJ.

SPINDEN, Judge.

On January 29, 1992, the trial court, after a jury trial, sentenced Timothy Jones to two concurrent sentences of 10 years and three years for first degree assault and armed criminal action in connection with a brawl in 1990. Jones filed a Rule 29.15 motion for postconviction relief, and the court denied it after a hearing. He raises three points of error in this appeal.

The state charged Jones in connection with a street fight involving a number of youths and young adults in northeast Kansas City on July 6, 1990. During the fight, Jones used an automobile bumper jack to hit William Compton in the head and Brian Compton on an arm necessitating hospital treatment for both. In this appeal, Jones complains that the trial court erroneously overruled his motion to suppress evidence identifying him as the assailant because, he alleges, pretrial identification procedures were impermissibly suggestive and in-court identifications were unreliable. He contends that the trial court erred in denying his Rule 29.15 motion because he established that his

trial attorney was ineffective by not objecting to the identification evidence and by not calling Jones' co-defendant, Ronnie Frames, as a defense witness.

William Compton and Chris Compton identified Jones from a four-photograph array. Before trial, Jones moved to suppress the evidence. The trial court received evidence at a hearing on the motion and overruled it. At trial, Jones did not object to the testimony of the Compton brothers describing their in-court and out-of-court identification of Jones. Jones acknowledges that the issue has not been preserved for our review, but he asks us to review the matter as plain error. We decline.

■ Rule 29.12(b) authorizes review of "[p]lain errors affecting substantial rights . . . in the discretion of the court[.]" Plain error is evident, obvious and clear error. *State v. Bailey*, 839 S.W.2d 657, 661 (Mo. App.1992). We need not concern ourselves with whether Jones' substantial rights were affected or whether manifest injustice resulted from the alleged error because we do not find plain error. "[D]ifferences in age, weight, height, hairstyle, and other physical characteristics do not compel a finding of impermissible suggestiveness." *State v. Anthony*, 857 S.W.2d 861, 867 (Mo.App.1993).

■ In his second point, Jones contends that even if the Comptons' identification testimony was not plain error, it was sufficient support for his Rule 29.15 motion for post-conviction relief. He contends that his trial attorney was incompetent in failing to object to the identification testimony. We disagree.

We will not permit motion counsel to convert unpreserved error into viable error by arguing incompetence. Defendants may be held to the consequences of counsel's failure to object, whether the failure is the result of a strategic decision, or is due to inadvertence. The fact that a meritorious objection is not made does not demonstrate incompetence. There must be a showing that counsel's overall performance fell short of established norms and that this incompetence probably affected the result. Otherwise failure to object

constitutes a procedural default, precluding appellate or collateral relief.

*Jones v. State*, 784 S.W.2d 789, 793 (Mo. banc), *cert. denied*, 498 U.S. 881, 111 S.Ct. 215, 112 L.Ed.2d 175 (1990). Jones fails to demonstrate that his trial attorney's overall performance fell short of established norms. We certainly do not discern how the result would have been affected. Three other witnesses identified Jones as the person who hit William Compton in the head with a bumper jack. The point is without merit.

■ In his third point, Jones complains that the motion court erred in overruling his Rule 29.15 motion because he established that his trial attorney was ineffective by virtue of not calling co-defendant Frames as a defense witness. Jones' attorney testified that she considered using Frames as a witness and had arranged for his availability, but she decided against it because Frames would have contradicted Jones by testifying that Jones was at the brawl.

We reject Jones' complaint. His attorney's decision not to use Frames was reasonable trial strategy. "The decision not to call a witness, as a matter of trial strategy, is virtually unchallengeable." *State v. White*, 870 S.W.2d 869, 875 (Mo.App.1993). "If a potential witness's testimony would not unqualifiedly support a defendant, the failure to call such a witness does not constitute ineffective assistance of counsel." *Leisure v. State*, 828 S.W.2d 872, 875 (Mo. banc 1992).

All concur.