**James Wayne DILLARD, Plaintiff–Appellant,**

v.

**STATE of Missouri, Defendant–Respondent.**

No. 25539.

Missouri Court of Appeals, Southern District, Division Two.

May 3, 2004.

Motion for Rehearing and Transfer to Supreme Court Denied May 25, 2004.

John M. Albright, Moore & Walsh, L.L.P., Poplar Bluff, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, MO, for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

James Wayne Dillard ("Movant") appeals the denial of his Rule 24.035 motion alleging ineffective assistance of counsel.[1] Movant alleges his guilty plea was involuntary because he was not advised of his right to file a motion to suppress and his counsel was ineffective for failing to investigate the charges against him. We affirm.

Movant was charged by Felony Complaint with production of a controlled substance, Section 195.211.3; possession of a motor vehicle with altered identification number, Section 301.390; and receiving stolen property, Section 570.080.[2] On March 14, 2000, pursuant to a plea agreement, Movant pled guilty to the class B felony of production of a controlled substance. In exchange for his guilty plea, the State ("Respondent") agreed to dismiss the other charges against Movant and declined to prosecute him as a prior offender. In accepting Movant's guilty plea, the trial court noted his plea was made "freely, voluntarily and intelligently, with the full understanding of the charges and consequences of the plea and with understanding of his rights attending a jury trial and the effect of a plea of guilty on those rights." Movant received a suspended prison sentence of twelve years and was placed on five years supervised probation.[3]

An evidentiary hearing was held in response to Movant's Motion to Vacate, Set Aside, or Correct Judgment and Sentence. Following testimony from Movant, his wife, and his plea counsel, Kenneth Leeds ("Leeds"), the court denied Movant's motion. Movant appeals.

Appellate review of a motion court's ruling on a motion for post-conviction relief is limited to a determination of whether the court's findings of fact and conclusions of law issued in support thereof are clearly erroneous. Rule 24.035(k); *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). The findings of the moving court are presumptively valid. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). Thus, the clearly erroneous standard is satisfied only if a review of the entire record leaves the reviewing court "with the definite impression that a mistake has been made." *Hall v. State*, 16 S.W.3d 582, 585 (Mo. banc 2000) (*quoting State v. Clay*, 975 S.W.2d 121, 140 (Mo. banc 1998)).

 In order to succeed on an ineffective assistance claim, Movant must show:

---

1. All rule references are to Supreme Court Rules (2002), unless otherwise stated.

2. All statutory references are to RSMo 2000, unless otherwise specified.

3. Subsequent to pleading guilty, on January 11, 2002, Movant was arrested for possession of methamphetamine, possession of paraphernalia, speeding, and failure to wear a seatbelt. His probation was revoked and the sentence previously imposed was executed.

"(1) that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney, and (2) that he was prejudiced in that a different outcome would have resulted but for trial counsel's errors." *Norville v. State,* 83 S.W.3d 112, 114 (Mo.App. S.D.2002); *see also Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Where there is a negotiated plea of guilty, a claim of ineffective assistance is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which the guilty plea was made. *Cupp v. State,* 935 S.W.2d 367, 368 (Mo.App. S.D. 1996).

■ On appeal, Movant asserts that the motion court erred in denying his postconviction motion because the record shows his guilty plea was involuntary due to the ineffectiveness of his trial counsel. Movant contends that the voluntariness of his plea was affected by his trial counsel's failure to "file and pursue a meritorious motion to suppress when the record fails to show the defendant knew of his right to seek the suppression of evidence and the advice of counsel, if any, was based on the failure to understand the facts of the case or conduct even the basic investigation of talking to the client before advising him to plead guilty."

The decision whether to file a motion to suppress is a matter of trial strategy. *State v. Maddix,* 935 S.W.2d 666, 672 (Mo. App. W.D.1996). In analyzing trial strategy for the purposes of an ineffective assistance of counsel claim, the Supreme Court stated in *Strickland,* "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland,* 104 S.Ct. at 2066.

In order to determine what defenses to present, what witnesses to call, and other matters of trial strategy, trial counsel has a duty to investigate all aspects of the defendant's case. *Anderson v. State,* 66 S.W.3d 770, 776 (Mo.App. W.D.2002)(citing *State v. Butler,* 951 S.W.2d 600, 608–610 (Mo. banc 1997)). To succeed on his claim of ineffective assistance of counsel for failure to investigate, Movant was required to specifically allege and prove what "information his attorney failed to discover, that a reasonable investigation would have revealed it, and how the information would have aided his position." *Anderson,* 66 S.W.3d at 776 (citing *Jones v. State,* 24 S.W.3d 701, 704 (Mo.App. E.D.1999)).

Movant did not meet this burden of proof. Instead, Movant based his claim of plea counsel's lack of reasonable investigation solely on factual discrepancies in plea counsel's memory. Leeds' deposition testimony was taken on November 25, 2002, over two-and-a-half years after he represented Movant in this matter. In that deposition, Leeds recalled that Movant was charged with possessing "ten or eleven" marijuana plants and, based on the fact that Movant was charged with a felony, he guessed the size of the plants to be "rather substantial." According to Movant, he only possessed two marijuana plants that were approximately two-feet tall; therefore, Movant argues that his counsel's inability to recall the facts of his case two years later is tantamount to a failure to investigate. We disagree and find that the trial court's findings of fact and conclusions of law were not clearly erroneous.

■ Moreover, Movant claims that plea counsel did not even interview him or his wife in order to determine if there was a basis for filing a motion to suppress. A review of the record reveals otherwise.

Despite several opportunities to state otherwise, at his plea hearing Movant expressed satisfaction with his counsel's assistance and made no allegations that counsel had failed to adequately represent him. Movant's claim is further rebutted by the testimony of his plea counsel. Leeds testified that he advised Movant of his legal rights in connection with the plea and discussed the case with Movant between six and twelve times. He also met with Movant's wife and described her as "quite candid" with him about what had happened on the day of Movant's arrest. Leeds testified that he reviewed the police files and Respondent's evidence against Movant. Leeds also entered into prolonged plea negotiations with Respondent which were characterized by the motion court as "above and beyond that ordinarily expended by defense counsel in similar proceedings." Noting that the motion court was free to believe the testimony of Movant's counsel as opposed to that of Movant and his wife, we defer to the motion court's ability to judge the credibility of the witnesses.

In his brief, Movant relies heavily on *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). In *Wiggins*, the Supreme Court held that trial counsel's failure to investigate the defendant's background and present mitigating evidence of his abusive past history at his capital sentencing proceeding amounted to ineffective assistance of counsel. Movant analogizes his situation to that in *Wiggins*, arguing that plea counsel failed to make a reasonable investigation prior to making his tactical decision to forego filing a motion to suppress and, therefore, he was ineffective. We do not agree that *Wiggins* controls the analysis of this case. In *Wiggins*, the Court found that the attorneys did little to investigate their client's background although they possessed information that should have prompted them to do so. Here, Movant's plea counsel conducted an investigation, reviewed the evidence, and concluded, after interviewing Movant and his wife, that a motion to suppress was not warranted.

 Trial counsel will not be deemed ineffective for failing to file a meritless motion to suppress. *Maddix*, 935 S.W.2d at 672. In the instant matter, Movant's trial counsel testified via deposition that he did not file a motion to suppress because "there was nothing in his mind to suggest ... that there was something illegal about the search." He stated that, based on the circumstances, Movant "had incriminated [himself] to a point that the damage [was] done"; therefore, counsel's "goal was to do damage control" and to see if he "could keep [Movant] out of jail." Based upon our review, it is clear that plea counsel reasonably investigated Movant's case and as a matter of trial strategy determined that there was no evidence available that would have led to a successful motion to suppress.

There is a strong presumption that trial counsel was effective and Movant bears a heavy burden of overcoming that presumption by a preponderance of the evidence. *State v. Tokar*, 918 S.W.2d 753, 761 (Mo. banc 1996). Movant has not demonstrated that his trial counsel was ineffective; accordingly, Movant failed to carry his burden on his claim of ineffective assistance of counsel. Given the nature of the charges pending against Movant, the resolution of those charges by a successful plea agreement which kept Movant out of prison, and the trial court's determinations of credibility, the motion court's findings of fact and conclusions of law are not clearly erroneous. The judgment is affirmed.

PARRISH, J., and SHRUM, J., concur.