**James L. WOODSON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 27504.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 28, 2007.

then you will find [Appellant] guilty under Count II of resisting arrest.

S. Kristina Stark, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jaime Wilson Corman, Assistant Attorney General, Jefferson City, for Respondent.

PHILLIP R. GARRISON, Judge.

James L. Woodson ("Movant") appeals the denial of his Rule 29.15[1] motion for post-conviction relief. Movant alleges that his trial counsel was ineffective in failing to file a written motion for continuance, failing to make a punctual review of the State's discovery, and failing to suppress a witness identification of Movant. We affirm.

We affirmed Movant's convictions on direct appeal in *State v. Woodson*, 140 S.W.3d 621 (Mo.App. S.D.2004). We recite facts from that opinion without further citation.

On August 19, 1999, Shannon Shipman ("Shannon") and his brother, Anthony Shipman ("Anthony"), stopped at a Citgo gas station (the "gas station") in Cape Girardeau, Missouri. After Anthony went inside the gas station, Shannon, who was

---

**1.** All references to rules are to Missouri Rules of Criminal Procedure (2005) and all references to statutes are to RSMo (2000), unless otherwise indicated.

waiting in a truck outside, observed Movant enter and heard him yell for everyone to "get on the floor." Movant threatened everyone inside with what appeared to be a gun, and he had an employee give him money from the cash register, before leaving the building.

Shannon saw Movant come outside, remove his "do-rag," look to both sides, and then take off running. Shannon, who saw the Movant's face clearly, called 911 and reported the robbery. Shannon also gave the police a statement the day of the robbery, and he later assisted police in constructing a computerized drawing based on his recollection of Movant's appearance. Shannon later identified Movant as the robber from a photographic lineup, and at trial.

Shortly after midnight on August 22, 1999, Louis Hogan Jr. ("Hogan Jr.") and his father, Louis Hogan Sr. ("Hogan Sr."), were working at a Cape Girardeau Pizza Hut, when Movant, who appeared to have a gun, entered the store and shouted that he wanted everyone down on the ground, and he wanted the money from the cash register. As Hogan Sr. attempted to dial 911, Movant knocked the phone out of his hands and knocked him to the floor. Hogan Jr., who noticed that Movant's gun was not real, then jumped behind Movant and tried to knock him down. During the altercation, Movant knocked the cash register to the floor, and it came open. Movant grabbed the money from the register and ran out the back door.

Officer Rodney Wayne Barker ("Officer Barker"), who had received a radio call reporting the armed robbery, arrived at the Pizza Hut in "[p]robably a minute or less." Upon arrival, Officer Barker saw "two white males that appeared to be Pizza Hut employees lying on the floor." He also observed "change from the cash register strewn out all over the floor[.]" After

calling for backup, Officer Barker heard a noise and saw Movant run from the building. Officer Barker chased Movant across the parking lot, but he eventually lost Movant, after he disappeared over the top of a hill.

Later, Officer Barker discovered a vehicle with the driver's door ajar in a parking lot behind the Southeast College of Nursing. The keys were in the ignition, and the engine was still warm. There was a pair of tennis shoes on the front floorboard, and what appeared to be a change of clothing in the back seat. The vehicle was impounded and towed to the police department where it was examined. A Missouri driver's license issued to Movant was found in the glove compartment.

At approximately 3:20 a.m., Movant came to the police department and reported his car had been stolen from the parking lot of the Southeast College of Nursing. Movant said that he parked it there around 11:00 p.m. and found it missing at 2:30 a.m. Movant was permitted to leave the police station following his report.

After reviewing additional evidence, Officer Barker left the station to go to Movant's residence in an attempt to arrest him. While en route, Officer Barker saw Movant walking down the street, so he stopped his vehicle. Movant approached the vehicle and placed his hands on the hood, but after Officer Barker informed him that he was under arrest for robbery, Movant turned around and ran away. Officer Barker pursued Movant on foot, but was unable to apprehend him.

On August 23, 1999, Officer John Brown received a call from Movant's sister, who discussed the possibility of Movant coming to the police station. About two hours later, Movant arrived at the station and turned himself in.

Movant was charged by amended information as a prior and persistent offender with two counts of robbery in the first degree, violations of Section 569.020. Movant was found guilty on both charges, following a jury trial, and the trial court sentenced him to concurrent terms of thirty years in the department of corrections. Movant's direct appeal from those convictions was unsuccessful. *Woodson*, 140 S.W.3d 621. He then filed a pro se motion to vacate, set aside or correct the judgment and sentence, pursuant to Rule 29.15, which was later amended by appointed counsel. After an evidentiary hearing, the motion court entered its judgment and findings of fact and conclusions of law denying Movant's motion. This appeal followed.

Appellate review of the denial of a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law were clearly erroneous. Rule 29.15(k); *Hill v. State*, 160 S.W.3d 855, 857 (Mo.App. S.D.2005). A motion court's findings are clearly erroneous only if a review of the entire record leaves us with the definite and firm impression that a mistake has been made. *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000).

■ Movant presents two points on appeal. In Movant's first point, he alleges his trial counsel was ineffective in failing to make a punctual review of the State's discovery and in making an oral, rather than written, motion for continuance. Movant maintains that such failures prevented trial counsel from presenting a defense that someone other than Movant was the perpetrator of the crimes. We disagree.

Movant has the burden to prove his claim of ineffective assistance of counsel by a preponderance of the evidence. Rule 29.15(i); *Maclin v. State*, 184 S.W.3d 103, 107 (Mo.App. S.D.2006). We review whether an attorney provided a criminal defendant with ineffective assistance of counsel under the two-pronged test developed in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Hill*, 160 S.W.3d at 857. Under *Strickland*, Movant must prove that (1) trial counsel failed to exercise the degree of skill, care and diligence of a reasonably competent attorney, and (2) that failure prejudiced Movant. *Maclin*, 184 S.W.3d at 107. Movant must prove both prongs in order to prevail. *Id.* at 108. Failure to satisfy either prong relieves the motion court of the necessity of reviewing the other. *Hill*, 160 S.W.3d at 858.

Prejudice exists where Movant has demonstrated "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

At trial, Movant was represented by Neal Frazier ("Frazier") and Dana Weis ("Weis"). Five days before trial, Frazier made an oral request for a continuance because the defense had just discovered that Hogan Jr. and Hogan Sr. had identified someone other than Movant from a photographic lineup. Frazier claimed he needed more time so he could pursue an alternative defense that the person identified by the witnesses was the actual perpetrator of the crimes. The State responded that the discovery material had been available for awhile, and had been disclosed to an attorney assigned to the case prior to Frazier and Weis. The trial court denied the motion for continuance.[2]

**2.** While Rule 24.09 requires that a motion for continuance be in writing, there is no indica-

Frazier was unable to testify at the evidentiary hearing because he was out of the country on active military duty. Movant's testimony was taken by deposition. Weis, the only witness present at the evidentiary hearing, explained that if the motion for continuance had been granted, she did "not believe that anything would change based on that [they] still were able to attack and cross[-]examination [sic] the differing testimony from their initial ID to what their testimony was."

With respect to the failure to file a written motion for continuance, Weis testified as follows:

> [T]hough the court rules clearly do say that a continuance must be in writing, ... in my experience with the 33rd Circuit, and specifically with Judge Dolan, if he wants it in writing he will go, hey, get a court memo pad and put it in writing. So that it wasn't in writing was not the issue from my experience.

In its judgment, the motion court found that "Weis was completely credible as a witness."

■■■ An attorney may be found to have provided ineffective assistance of counsel in instances where he or she fails to properly investigate. *Anderson v. State*, 66 S.W.3d 770, 776 (Mo.App. W.D. 2002). However, to succeed on such a claim, Movant must allege and prove what information counsel failed to discover, that a reasonable investigation would have revealed it, and how the information would have aided his position. *Id.* As previously related, Movant has the burden to prove his claim of ineffective assistance of counsel by a preponderance of the evidence. Rule 29.15(i); *Maclin*, 184 S.W.3d at 107.

At trial, Movant's counsel brought out through cross-examination that Hogan Jr. had originally chosen someone other than Movant from the photographic lineup. Hogan Sr., who was called as a defense witness testified that he originally selected someone other than Movant as well. In closing arguments, Frazier argued, in part as follows:

> Now there are four witnesses who saw this lineup. . . . Two of them picked photo No. 4. [Movant was photograph number five.] Hogan, Sr. recognized No. 4, the guy in the lineup as the robber. He had seen him around the neighborhood and he knew that was the guy.

The evidence that Movant alleges should have been discovered earlier was used at trial in his defense. Nevertheless, Movant alleges "had trial counsel made a reasonable investigation of the State's discovery earlier, [they] would have found the evidence in time to fully pursue the defense that someone other than [Movant] committed the crime." However, Movant presented no evidence at the evidentiary hearing, beyond mere allegations, regarding what information counsel failed to discover, how such information could have been revealed or how it would have aided his position. Without such evidence, Movant has not met his burden of proving his claim of ineffective assistance of counsel by a preponderance of the evidence. Rule 29.15(i); *Maclin*, 184 S.W.3d at 107. Movant's first point is denied.

In his second point, Movant argues the motion court clearly erred in denying his motion for post-conviction relief, because his counsel was ineffective for not seeking to suppress Shannon's identification. Movant alleges that the record demonstrates that a motion to suppress would have been meritorious. We disagree.

We review this claim of error using the same principles set out in point one of this opinion. In Movant's amended motion for

tion in the record that the motion was denied because it was not in writing.

post-conviction relief, he explained the following:

> Although trial counsel participated in pre-trial hearings on November 18 and November 21, 2002, trial counsel did not raise a motion to suppress the identification at either hearing.... Trial counsel presented a motion to suppress on the day of trial, ... but it only regarded the search and seizure of evidence from Movant's apartment, not the identification.... No motion to suppress the identification by [Shannon] was filed.

Movant further argued in his amended motion that "trial counsel should have challenged the identification," because "[it] was unreliable and the product of unduly suggestive police procedures."

The facts relevant to the witness identification are as follows. Shannon, who was parked directly in front of the gas station when the robbery took place, saw Movant come out of the store, take his "do-rag" off, look to both sides and then take off running. Shannon saw Movant's face clearly. Sometime later, an officer came to Shannon's place of employment and had him assist in building a computer profile of the robber. The police returned later with a photographic lineup. Shannon selected Movant from the lineup, writing it "looks like the right one" under Movant's picture. After he made his selection, Shannon asked the officer, "Is that the one you all thought it would be?" The officer responded that it was.

At trial, Shannon again identified Movant as the man he witnessed robbing the gas station. With respect to the photographic lineup, he testified that the officer did nothing to suggest which picture he should select. Shannon explained that "[the officer] brought it into my office and he told me to pick out which one, is there anybody in this photo lineup that looks like the gentleman I had seen at [the gas sta-tion], so I picked out the gentleman there, number five." He testified that the officer showed no preference for any particular picture.

 In denying Movant's motion for post-conviction relief, the motion court found that "[t]rial counsel [Weis] testified that she did not file a motion to suppress because she did not believe grounds existed to do so. As noted, she is an experienced trial attorney. A review of the testimony of [Shannon] at the trial supports her viewpoint." We find no clear error in the motion court's findings.

Identification testimony is admissible unless the pretrial identification procedure was unnecessarily suggestive and the suggestive procedure made the identification unreliable.... A pretrial identification method is unduly suggestive when the identification results from police procedures or actions, rather than the witness' recall of first-hand observations. Identification testimony will be excluded only when the procedure was so suggestive that it gave rise to a very substantial likelihood of irreparable misidentification. If [a defendant] fails to demonstrate that the pre-trial identification procedure was impermissibly suggestive, we need not review the reliability of [the] identification. In the absence of impermissible suggestiveness, factors relating to reliability of the identification go to the weight, and not the admissibility, of the witness' testimony.

*State v. Eoff*, 193 S.W.3d 366, 375–76 (Mo. App. S.D.2006)(internal quotations and citations omitted).

In support of his claim that his counsel should have sought to suppress Shannon's identification, Movant makes the following observations: (1) Shannon "failed to notice [Movant's] most distinguishing feature, his

gray hair[;]"[3] and (2) Shannon "admitted that the police told him he had identified their chosen suspect, demonstrating he was seeking the approval of the police in making his identification."

 Movant's first observation speaks to the reliability of Shannon's identification. Absent a showing that the identification procedure was impermissibly suggestive, factors relating to reliability go to the weight, and not the admissibility of Shannon's identification. *Eoff*, 193 S.W.3d at 376. Therefore, the fact that Shannon did not notice Movant's patch of gray hair has no bearing on the admissibility of his identification.

Movant's second observation is a comment on Shannon's behavior *after* he made his identification. Movant does not point to any evidence or testimony showing that the procedure used to obtain the identification was unnecessarily suggestive. To the contrary, Shannon testified that the officer did nothing to suggest which picture he should select.

Because there has been no showing that the identification procedure was unnecessarily suggestive, Movant has failed to show that a motion to suppress Shannon's identification would have been meritorious. Trial counsel cannot be ineffective for failing to file a meritless motion to suppress. *Dillard v. State*, 137 S.W.3d 483, 486 (Mo. App. S.D.2004). Movant's second point is denied.

The judgment of the motion court is affirmed.[4]

BATES, C.J., and LYNCH, J., concur.

---

3. The record indicates that Movant had a patch of gray in his hair.

4. Movant's "Request to Strike Counsel of the Appellate Record" denied.