**Richard S. MERCER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. SD 30397.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 27, 2011.

Craig A. Johnston, Columbia, MO, for Appellant.

Chris Koster, Attorney General, and Karen L. Kramer, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY W. LYNCH, Judge.

Richard S. Mercer ("Movant") appeals the denial of his Rule 29.15[1] motion for post-conviction relief, which sought to va-

---

1. References to rules are to Missouri Court Rules (2010).

cate his convictions for second-degree statutory rape and incest. Movant contends that the motion court clearly erred in finding that trial counsel was not ineffective for objecting to testimony the State attempted to elicit from an investigating detective on the issue of findings contained in a report of a sexual abuse forensic examination of the victim. Finding no such error, we affirm the motion court's judgment denying Movant's motion.

### Factual and Procedural Background

Movant was charged as a prior and persistent offender with the class C felony of statutory rape in the second degree, in violation of section 566.034, RSMo 2000, and the class D felony of incest, in violation of section 568.020, RSMo Cum.Supp. 2006.

At Movant's criminal jury trial, the State called Detective Paul Satterfield who testified on direct examination that he made arrangements for a third party to perform a sexual assault forensic examination ("SAFE") of the victim, who is Movant's daughter. Detective Satterfield had received and reviewed the report of the findings following the examination. At trial, he identified State's Exhibit 5 as being the SAFE report in question. The State then moved to admit Exhibit 5, to which Movant's trial counsel, Donna Holden, objected on the basis of hearsay, in that the detective testifying was not qualified to authenticate the report. That objection was sustained. The State continued its direct examination of Detective Satterfield, inquiring, "with regard to the SAFE exam, were there any physical findings?" Trial counsel again objected. Her objection was sustained, and the detective did not answer the State's question.

Movant was found guilty on both counts. The trial court sentenced Movant as a persistent offender to 15 years' imprisonment on the charge of second-degree statutory rape and 7 years' imprisonment on the incest charge. The sentences were ordered to run consecutively. Movant timely appealed his convictions and sentences to this Court, which affirmed the same in a written order. *See* Rule 84.16(b).

Movant timely filed a *pro se* motion for post-conviction relief pursuant to Rule 29.15. Post-conviction counsel was appointed and filed an amended motion that alleged, in part, that trial counsel was ineffective for objecting to the inquiry posed by the State to Detective Satterfield regarding whether any physical findings were identified in the SAFE report.[2] Movant contended that "[r]easonably competent counsel would not have objected to this particular question but rather would have welcomed the question and the expected answer which would have been that there were no physical findings revealed by the SAFE exam." Further, had trial counsel allowed the witness to answer, Movant claimed, there is a reasonable probability that the outcome of Movant's case would have been different.

Following an evidentiary hearing the motion court found, in relevant part, that trial counsel's objection to the State's question was reasonable trial strategy, that Movant failed to carry the burden of proving his allegations by a preponderance of the evidence, and that there was "no reasonable probability that had counsel allowed this evidence to be introduced, the outcome of the case would have been different." Movant appeals.

**2.** Movant does not challenge trial counsel's actions in attempting to and in actually keeping the SAFE report in its entirety out of evidence in his jury trial.

## Standard of Review

■ Our review on a claim of ineffective assistance of counsel is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k). The motion court's findings and conclusions are deemed to be clearly erroneous only when, following review of the entire record, we are left with a definite and firm impression that a mistake has been made. *Storey v. State*, 175 S.W.3d 116, 125 (Mo. banc 2005). The motion court's findings are presumptively valid, and we defer to the motion court's determination on matters of witness credibility. *Morgan v. State*, 319 S.W.3d 514, 517 (Mo.App.2010).

## Discussion

■ Movant alleges in his sole point on appeal that the motion court clearly erred in denying post-conviction relief, in that trial counsel was ineffective for objecting to the question posed to Detective Satterfield by the State. Movant alleges that the detective's "answer would have been that there were no physical findings revealed by the SAFE exam." He argues that trial counsel's objection to the State's question was essentially a failure to present evidence, "since her objection kept out evidence supporting [Movant's] defense."[3]

■ To prevail on a claim that trial counsel provided ineffective assistance, a movant must prove that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and that such failure prejudiced

the movant. *Maclin v. State*, 184 S.W.3d 103, 107 (Mo.App.2006). A movant must establish both prongs to obtain relief, and this Court may end its inquiry upon a finding that one or the other has not been established. *Id.*

■ "To satisfy the first prong, [M]ovant must overcome the presumption that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment." *Helmig v. State*, 42 S.W.3d 658, 667 (Mo.App.2001). To prove the second prong—counsel's failure to render adequate assistance resulted in prejudice to Movant—Movant must demonstrate that, but for counsel's unprofessional errors, there is a reasonable probability that the result of the trial would have been different. *Maclin*, 184 S.W.3d at 107. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "That an error may have had some conceivable effect on the outcome is not sufficient; to determine whether a reasonable probability exists, the totality of the evidence must be considered." *Winder v. State*, 151 S.W.3d 413, 417 (Mo. App.2004).

Here, there was no evidence before the motion court that the detective would have testified, as Movant alleges, that there were no physical findings revealed by the SAFE report. The SAFE report was not before the trial court or the motion court, as it was never admitted into evidence in

---

3. While we note that the trial court sustained trial counsel's hearsay objection and that " '[c]ounsel will not be deemed ineffective for failing to present inadmissible evidence[,]' " *Kuehne v. State*, 107 S.W.3d 285, 294 (Mo. App.2003) (quoting *Barnum v. State*, 52 S.W.3d 604, 608 (Mo.App.2001)), we need not

and do not reach or resolve the ineffectiveness of counsel issue on this basis because Movant failed to prove that the detective's testimony, regardless of whether it was admissible, would have supported his defense in the first instance. *See infra.*

either proceeding. Furthermore, Detective Satterfield was not called by Movant to testify at the evidentiary hearing on Movant's motion, and there was no evidence otherwise before the motion court as to what the detective would have said had he been allowed to answer the State's question at Movant's trial. There is no requirement that the motion court believe Movant as to what he alleges the witness would have said. *State v. Boyce,* 913 S.W.2d 425, 430 n. 3 (Mo.App.1996).

This failure of proof on Movant's part precluded the motion court from finding that trial counsel, in objecting to this unknown testimony, failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances or that Movant rebutted the presumption that it was sound trial strategy. Therefore, the motion court's findings on the performance prong that Movant failed to carry his burden of proof and that trial counsel's objection was reasonable trial strategy are not clearly erroneous.

Likewise, this same failure of proof doomed Movant's ability to demonstrate that the detective's unknown "excluded answer could [ ] have, or would have, changed the outcome of the trial." *See Garrison v. State,* 992 S.W.2d 898, 901 (Mo.App.1999). Thus, the motion court's findings on the prejudice prong are not clearly erroneous.

Movant's point is denied.

### Decision

The motion court's judgment is affirmed.

BARNEY, P.J., and BURRELL, J., concur.