**McKinley ROBINSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56627.**

Missouri Court of Appeals,
Eastern District,
Division Five.

March 13, 1990.

Cathy R. Kelly, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Movant was convicted of murder first degree and sentenced to life imprisonment in September of 1978. The direct appeal from the conviction was denied in December of that year. *State v. Robinson*, 595 S.W.2d 9 (Mo.App.1979). On January 4, 1988, movant filed a pro se motion for post-conviction relief.[1]

This motion, and a later amended motion incorporating it, raised instances of ineffective assistance of counsel. The motion was denied without an evidentiary hearing and movant appeals.

Movant's first point relied on claims the court erred in failing to conduct an evidentiary hearing when the motion presented facts, unrefuted by the record, which indicated ineffective assistance of counsel.

A motion court need not conduct an evidentiary hearing if the motion, files and records of the case conclusively show that movant is not entitled to relief. Rule 29.15(g). This court may only review such a finding to determine if it is clearly erroneous. Rule 29.15(j).

We initially note that movant's brief fails to properly raise this point. The only identification of the facts indicating ineffective assistance of counsel is that counsel failed "to timely object to various statements and evidence introduced at trial." This does not properly inform the appellate court wherein and why the motion court erred. Rule 84.04.

In addition, movant failed to include the trial transcript in the appellate record. Absent such evidence, we are unable to conclude that the trial court erred and must deny the point. *Chamberlain v. State*, 721 S.W.2d 139, 140 (Mo.App.1986).

Movant's second point relied on apparently complains that the motion court made insufficient findings of fact and conclusions of law on some of the ineffective assistance claims. The court specifically discussed allegations in the amended motion that counsel failed to properly move to strike certain jurors for cause. The court then held that movant failed to produce evidence to support his other claims of ineffective assistance and thus abandoned them. These other claims were allegations that counsel failed to object to a witness's statement, to a statement by the prosecutor and to the admission of an exhibit. The court also found generally that the record failed to support any claims of ineffective assistance.

Again, movant's failure to supply a complete record on appeal renders it impossible for us to conclude that the motion court erred. Even disregarding this lapse, movant is not entitled to relief on this point. While it is true that the motion court was required to make findings of fact and conclusions of law, Rule 29.15(i), failure to do so will not require reversal where the record allows the appellate court to determine correctness of the action. *Guyton v. State*, 752 S.W.2d 390, 392 (Mo.App. 1988). Perusal of the motion does not reveal any indication that the failures to object, even if errors, were anything more than mere trial errors, *Joiner v. State*, 621 S.W.2d 336, 339 (Mo.App.1981), nor does it identify a reasonable probability that objections would have changed the result of the trial, *Mills v. State*, 757 S.W.2d 630, 634 (Mo.App.1988). Consequently, the motion was not an effective pleading and movant was not entitled to an evidentiary hearing. *Dehart v. State*, 755 S.W.2d 611, 613 (Mo. App.1988).

The judgement of the motion court is affirmed.

SIMON, C.J., and JOSEPH J. SIMEONE, Senior Judge, concur.

---

**1.** This motion was labeled as a former Rule 27.26 motion. Because the motion was not pending as of January 1, 1988, however, the applicable rule was Rule 29.15 and this opinion will cite to that rule for authority. Rule 29.-15(m).