**Robert EVANS a/k/a Henry Lewis, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 59390.**

Missouri Court of Appeals, Western District.

Jan. 8, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 5, 2002.

Application for Transfer Denied April 23, 2002.

John M. Schilmoeller, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, C.J., and EDWIN H. SMITH and NEWTON, JJ.

EDWIN H. SMITH, Judge.

Robert Evans appeals from the circuit court's order overruling, after an evidentiary hearing, his Rule 29.15[1] motion for post-conviction relief. The appellant was convicted, after a jury trial, in the Circuit Court of Platte County of one count of first degree robbery, § 569.020,[2] for which he was sentenced as a prior and persistent offender, § 558.016, to life imprisonment in the Missouri Department of Corrections.

In his sole point on appeal, the appellant claims that the motion court erred in denying his Rule 29.15 motion because he received ineffective assistance of appellate counsel for counsel's failure to raise on direct appeal a meritorious claim of error in that it was so obvious from the record that the trial court erred in disallowing a *voir dire* question of the defense, concerning the venire's feelings about the appellant's right not to testify, that competent and effective appellate counsel would have recognized the error and asserted it on appeal.

Because the appellant failed to provide us with the record on appeal necessary to determine the claim of error he raises on appeal, as required by Rule 81.12,[3] we dismiss.

## Facts

The appellant was charged by information in the Circuit Court of Platte County with the class A felony of first degree robbery, § 569.020, and armed criminal action (ACA), § 571.015. The charges arose from the robbery on September 9, 1997, of a Circle K store, located at Northwest 64th Street in Platte County, Missouri. The case proceeded to a jury trial on March 23, 1998, before the Honorable James Van Amburg.

During *voir dire*, appellant's trial counsel asked the venire if anyone felt that a criminal defendant who did not testify in his or her own behalf must be guilty as charged. The State objected to the question on the basis that questions of this type are limited to the venire's ability to follow MAI–CR 3d 308.14 [1–1–87], concerning the defendant's right not to testify. The trial court sustained the objection and offered trial counsel an opportunity to restate his question in terms of the instruction. Appellant's counsel declined, moving on to another line of questioning.

The jury found the appellant guilty of first degree robbery, but not ACA. The appellant filed a motion for a new trial, in which he claimed, *inter alia,* that the trial court had erred in limiting the defense's *voir dire* concerning the appellant's right not to testify. On May 5, 1998, the trial court overruled the appellant's motion and sentenced him, as a prior and persistent offender, to life imprisonment.

The appellant appealed his conviction to this court in *State v. Lewis,* 39 S.W.3d 108 (1999),[4] WD 55930, which we affirmed in a memorandum opinion on April 7, 1999.

---

1. All rule references are to the Missouri Rules of Criminal Procedure (2001), unless otherwise indicated.

2. All statutory references are to RSMo 2000, unless otherwise indicated.

3. All references to Rule 81.12 are to the Missouri Rules of Civil Procedure (2001), unless otherwise indicated.

4. The first information filed by the State referred to the appellant by his alias, "Henry L. Lewis." An amended information was filed charging the defendant as "Robert L. Evans a.k.a. 'Henry L. Lewis.' " Thus, the appellant's direct appeal was captioned under his alias.

On December 11, 1998, the appellant filed a *pro se* Rule 29.15 motion. Post-conviction counsel was appointed on December 22, 1998, with counsel granted an extension of time in which to file an amended motion. On July 6, 1999, counsel filed an amended motion for post-conviction relief alleging, *inter alia,* that his appellate counsel was ineffective for failing to raise as a claim of error on direct appeal the claim of error that the trial court erred in disallowing defense counsel's *voir dire* question, concerning the venire's feelings regarding the appellant's right not to testify.

On September 12, 2000, the motion court held an evidentiary hearing on the appellant's amended Rule 29.15 motion, which hearing was continued on October 24, 2000. The appellant's appellate counsel testified that he did not raise as error on appeal the trial court's sustaining of the State's objection to the *voir dire* question at issue because he had concluded that it was not properly preserved in that it appeared that trial counsel had acquiesced in the trial court's ruling by not restating the question in the context of MAI–CR 3d 308.14 when presented with the opportunity to do so. The appellant's trial counsel testified at the motion hearing that his question regarding a defendant's right not to testify was one that he "commonly asked" during *voir dire.* He acknowledged that he was given the opportunity to restate the question, but declined "as a matter of trial strategy." Finally, he testified that he included his claim of error in the motion for a new trial "to preserve [his] client's right to raise that issue later, in the event that [his] judgment was wrong."

On November 8, 2000, the motion court entered its findings of facts and conclusions of law denying the appellant's Rule 29.15 motion. In its findings with respect to the claim of error as to the limitation on the appellant's *voir dire* questioning, the motion court found:

> Movant fails to state a basis for relief. The trial court correctly sustained the objection to an improper question and gave trial counsel an opportunity to restate the question. Appellate counsel is not required to raise meritless issues on appeal. Movant's claim fails to satisfy the requirements set forth in *State v. Graham,* 969 S.W.2d 759 (Mo.App. W.D. 1998) (requiring that the claim that appellate counsel failed to raise was one that, if raised would have required reversal).

This appeal follows.

## I.

In his sole point on appeal, the appellant claims that the motion court erred in denying his Rule 29.15 motion because he received ineffective assistance of appellate counsel for counsel's failure to raise on direct appeal a meritorious claim of error. In claiming that his appellate counsel was ineffective, the appellant contends that it was so obvious from the record that the trial court erred in disallowing a *voir dire* question of the defense, concerning the venire's feelings about the appellant's right not to testify, that competent and effective appellate counsel would have recognized the error and asserted it on appeal.

The standard of review for a claim of ineffective assistance of appellate counsel is essentially the same as that employed for trial counsel, which is set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984): the movant must show deficient performance of counsel and resulting prejudice. *Helmig v. State,* 42 S.W.3d 658, 682 (Mo.App.2001) (*citing Mallett v. State,* 769 S.W.2d 77, 83 (Mo. *banc* 1989)). As

explained in *Moss v. State,* 10 S.W.3d 508, 514–15 (Mo. *banc* 2000) (citation omitted):

> To support a [Rule 29.15] motion due to ineffective assistance of appellate counsel, strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it. The right to relief ... due to ineffective assistance of appellate counsel inevitably tracks the plain error rule; i.e., the error that was not raised on appeal was so substantial as to amount to a manifest injustice or a miscarriage of justice.

Given this standard, to succeed on his motion for ineffective assistance of appellate counsel, the appellant necessarily would have to show that the trial court committed obvious trial error in sustaining the State's objection to the *voir dire* question posed by the defense concerning the venire's feelings about his right not to testify at trial. As such, our review of the appellant's claim of error would require us to review the transcript of the *voir dire.* However, the record on appeal filed by the appellant does not contain this portion of the trial record.

Rule 29.15 proceedings are governed by the Missouri Rules of Civil Procedure. Rule 29.15(a); *Skillicorn v. State,* 22 S.W.3d 678, 690 (Mo. *banc* 2000). Accordingly, the requirements for the record on appeal as to a Rule 29.15 proceeding are governed by Rule 81.12. It reads, in pertinent part:

> The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision. In order to reduce expense and expedite the preparation of the record on appeal, it is divided into two components, i.e. the "legal file" and the "transcript."
>
> . . .
>
> The transcript shall contain the portions of the proceedings and evidence not previously reduced to written form.

Rule 81.12(a). "Rule 81.12 imposes the duty on movant, as appellant, to file the transcript and to prepare a legal file so that the record contains all the evidence necessary for us to make determinations on the issues raised." *Helmig,* 42 S.W.3d at 670 (citation omitted); *see also Trice v. State,* 792 S.W.2d 672, 675 (Mo.App.1990). Where the movant in a post-conviction motion proceeding fails to provide us with the necessary record on appeal to review the claim of error raised, we must dismiss. *Id.; Trice,* 792 S.W.2d at 675; *Arnold v. State,* 789 S.W.2d 525, 526 (Mo.App.1990); *Robinson v. State,* 785 S.W.2d 323, 324 (Mo.App.1990). Hence, because the appellant failed to include in the record on appeal the transcript of the *voir dire* in which the alleged trial court error occurred, we dismiss. *Arnold,* 789 S.W.2d at 526; *Robinson,* 785 S.W.2d at 324.

### Conclusion

For the reason stated, the appellant's appeal from the motion court's denial of his Rule 29.15 motion, after an evidentiary hearing, is dismissed.

SPINDEN, C.J., and NEWTON, J., concur.