Jessie R. CARTER, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 28463.

Missouri Court of Appeals,
Southern District,
Division Two.

March 10, 2008.

Motion for Rehearing and Transfer
Denied April 1, 2008.

Scott Thompson, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Assistant Attorney General, Jefferson City, MO, for respondent.

GARY W. LYNCH, Chief Judge.

Jessie R. Carter ("Movant") appeals the denial, after an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief.[1] Lacking a sufficient record on appeal from which to adequately review Movant's claim of error, we dismiss the appeal.

### Factual and Procedural Background

Movant was convicted by a jury on three counts of first-degree murder, in violation of section 565.020. He was sentenced by the trial court to three consecutive life sentences without the possibility of probation or parole. His convictions and sentences were affirmed by this court on direct appeal. *State v. Carter*, 71 S.W.3d 267 (Mo.App.2002).

In opening statements at Movant's trial, the State said it would show that the throat of the male victim was cut by a codefendant while Movant was out of that victim's presence looking for a cinder

---

**1.** All rule references are to Missouri Rules of Court (2006), and statutory references are to RSMo 2000, unless otherwise indicated.

block. *Id.* at 270. However, during the State's cross-examination of Movant, the prosecutor inquired if the knife wounds to the male victim's neck were smaller than those to a female victim's throat because they were inflicted with a smaller knife. *Id.* The prosecutor asked, "In fact they were smaller because they were inflicted by your knife, weren't they?" Movant responded, "No." *Id.*

Trial counsel requested a mistrial on the basis that the State was changing its theory of the case to suggest that Movant cut the male victim's throat. *Id.* at 271. The trial court denied his request. *Id.* There was no further reference to the change in theories, and in closing, the State referred only to Movant's testimony that when he returned with the cinder block, the male victim's throat had already been cut. *Id.*

On direct appeal, Movant claimed that "the trial court erred in denying his request for a mistrial following the prosecutor's questions regarding whether the male victim's knife wound was smaller because it had been inflicted by Defendant's knife[,]" which violated his rights to due process and a fair trial. *Id.* This court found that the State's switch to another factually contradictory theory "did not 'fatally [infect] the proceedings and [render] [the] entire trial fundamentally unfair.'" *Id.* at 272. In so finding, this court stated, "Where a defendant does not ask for an instruction to the jury, 'we will consider the failure to grant a mistrial an abuse of discretion only if we find that the reference was so prejudicial that its effect could not have been removed by direction to the jury.'" *Id.* at 271.

Movant timely filed his *pro se* Rule 29.15 motion for post-conviction relief in Jackson County. However, Maries County was actually the proper venue for Movant's motion. Ninety-three days after mandate issued on Movant's direct appeal, Maries

County received the motion from Jackson County. Counsel was appointed, and an amended motion was filed. Movant's motion was subsequently dismissed on the ground that Movant failed to sign the motion and therefore failed to timely invoke the jurisdiction of the circuit court. On appeal from that dismissal, the Supreme Court of Missouri found that the motion was timely filed and reversed the judgment and remanded the case. *Carter v. State,* 181 S.W.3d 78, 80 (Mo. banc 2006).

In his amended motion for post-conviction relief, Movant alleged that he received ineffective assistance of trial counsel in that counsel failed "to submit some form of limiting instruction to correct the state's error in presenting to the jury an inconsistent theory that it was, in fact, Movant who was the causative agent in the victim's death, when in actuality it was [Movant's co-defendant]." An evidentiary hearing on Movant's amended motion was held on November 14, 2006, wherein Movant and his appellate counsel on the direct appeal testified. At Movant's request and without objection by the State, the motion court took judicial notice of the court's file in the underlying criminal case, which apparently included the trial transcript. Additional testimony from Movant's trial counsels David Beger and Lee Harrison Bushie was obtained via depositions and filed with the motion court on December 28, 2006, for inclusion in the motion hearing record by agreement of the parties.

The motion court filed its findings and conclusions on March 15, 2007, stating, in part, that trial counsel testified that they believed the trial judge denied their request for mistrial because it did not believe the State's question was improper, and it was likely that a request for a limiting instruction would not have been worthwhile. The motion court referenced its review of the trial transcript and found

that it was unlikely that "this one question would have changed the outcome of trial, especially in light of the overwhelming evidence of Movant's guilt."

The motion court denied Movant any relief on his claim. This appeal followed.

### Discussion

■ Movant, in his sole point relied on, challenges the motion court's denial of his motion for post-conviction relief on his claim that he was denied effective assistance of counsel because of trial counsels' failure to request a curative instruction after the trial court denied his motion for mistrial.

■ Review of a motion court's denial of post-conviction relief is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. *Shifkowski v. State*, 136 S.W.3d 588, 590 (Mo.App.2004). To succeed on a claim of ineffective assistance of counsel, a movant must prove that "(1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances, and (2) counsel's failure prejudiced him [or her]." *Beal v. State*, 51 S.W.3d 109, 111 (Mo.App.2001). Both prongs must be proven, and a movant bears the burden of proof by a preponderance of the evidence. *Id.*

Here, the motion court found that Movant failed to prove the prejudice prong in light of "the overwhelming evidence of Movant's guilt." Movant alleges that this finding "overstates the State's evidence." To succeed on this claim in this appeal, Movant must demonstrate to this court that the motion court clearly erred in this determination. However, in the record Movant provided to this court on this appeal, Movant failed to include the trial transcript.[2]

Rule 81.12 specifies the record which must be provided by an appellant on appeal and imposes upon an appellant the duty to file the transcript and prepare a legal file so that the record contains all evidence necessary to make determinations on the issues raised. *Evans v. State*, 70 S.W.3d 483, 486 (Mo.App.2002). "Where the movant in a post-conviction motion proceeding fails to provide us with the necessary record on appeal to review the claim of error raised, we must dismiss." *Id.* Here, without the trial transcript, which was in evidence before the motion court, we cannot review whether the motion court's finding, that overwhelming evidence of Movant's guilt was presented at his trial, is clearly erroneous or not. Accordingly, this court is left with no other recourse than to dismiss Movant's appeal.

### Decision

Movant's appeal of the motion court's denial of his motion for post-conviction relief is dismissed.

BARNEY, P.J., and BURRELL, J., concur.

2. Movant also failed to include in the record on appeal the depositions of trial counsel which were before the motion court by agreement of the parties. While these depositions apparently are not necessary for our review of the motion court's finding of overwhelming evidence of Movant's guilt, they would have been critical to any review of trial counsels' performance, had the trial transcript otherwise been included in the record on appeal.