

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| TERRY GALE ASHLEY,<br><br>          **Appellant,**<br><br>**v.**<br><br>STATE OF MISSOURI,<br><br>          **Respondent.** | )<br>)<br>)<br>)  **WD81841**<br>)<br>)<br>)  **OPINION FILED:**<br>)  **May 7, 2019**<br>)<br>)<br>)<br>) |

**Appeal from the Circuit Court of Lafayette County, Missouri**
**The Honorable Dennis A. Rolf, Judge**

**Before Division Four:** Karen King Mitchell, Chief Judge, and
Alok Ahuja and Thomas N. Chapman, Judges

Terry Ashley appeals the dismissal of his Rule 24.035 motion for post-conviction relief.

Ashley argues that the motion court erred in finding the *pro se* motion to have been untimely filed.

Finding no error, we affirm.

## Background

On December 19, 2016, Ashley pled guilty to one count of first-degree statutory sodomy.

On February 6, 2017, the trial court sentenced Ashley to a term of twenty years' imprisonment.

Ashley was delivered to the Department of Corrections on February 8, 2017. On February 23,

2017, Ashley filed a motion to correct the judgment, *nunc pro tunc*, based on a misstated charge

code number.[1]  On March 6, 2017, the trial court granted Ashley's motion and entered a corrected judgment.

On August 28, 2017, Ashley filed a *pro se* Rule 24.035 motion for post-conviction relief. On April 9, 2018, the State filed a motion to dismiss Ashley's post-conviction action based on the allegation that Ashley's *pro se* motion was not timely filed.  On June 19, 2018, the motion court granted the State's motion and dismissed Ashley's post-conviction action.  Ashley appeals.

**Analysis**

Ashley raises a single point on appeal; he argues that the motion court erred in dismissing his post-conviction action because his *pro se* motion was not, in fact, untimely insofar as it was filed within 180 days of the trial court's entry of the corrected judgment.

At the outset, Ashley relies on the current version of Rule 24.035, and the State counters that the prior version (applicable at the time of Ashley's sentencing and his filing of the *pro se* motion) controls.  The prior version provided that, if the original judgment was not appealed, "the [Rule 24.035] motion shall be filed within 180 days of the date *the person is delivered to the custody of the department of corrections*."  Rule 24.035(b) (2017) (emphasis added).  The current version provides that, "[i]f no appeal of such judgment or sentence is taken, the motion shall be filed within 180 days of the date *the sentence is entered*."  Rule 24.035(b) (2018) (emphasis added). Ashley then argues that his sentence was not "entered" until March 6, 2017, when the trial court issued the corrected judgment.  And, because his *pro se* motion was filed within 180 days of

---

[1] "Rule 81.12 specifies the record which must be provided by an appellant on appeal and imposes upon an appellant the duty to file the transcript and prepare a legal file so that the record contains all evidence necessary to make determinations on the issues raised."  *Carter v. State*, 253 S.W.3d 580, 582 (Mo. App. S.D. 2008).  Though Ashley did not file the motion with this court, a review of Ashley's underlying criminal case on Case.net indicates that the motion sought to correct an erroneous charge code referenced in the judgment.

2

March 6, 2017, he suggests that it was timely filed and therefore should not have been dismissed. We disagree.

To begin, Ashley's argument completely ignores Rule 24.035(m), which limits the current version's application to only those "proceedings wherein sentence is pronounced on or after January 1, 2018." The Rule indicates that, "[i]f sentence was pronounced prior to January 1, 2018," as Ashley's was, "postconviction relief shall continue to be governed by the provisions of Rule 24.035 in effect *on the date the motion was filed* or December 31, 2017, whichever is earlier." Rule 24.035(m) (emphasis added). Accordingly, the time in which Ashley needed to file his Rule 24.035 motion began to run on February 8, 2017,[2] when he was delivered to the Department of Corrections.[3]

Additionally, in his brief, Ashley implies that the State waived its ability to challenge the timeliness of the *pro se* motion by not raising the matter sooner:

> [A]t no time since the filing of this petition, including at any of the previous court hearings that were reset as the parties continued to work through the discovery issues, was the issue of this alleged "late filing" ever brought up to the court.
>
> . . .
>
> The Respondent actively participated in hearings and discussions and never raised the issue of timing. Fundamental fairness would suggest that this matter be allowed to be heard as neither the Respondent nor the court were prejudiced by any undue delay, nor should this matter be deemed a stale claim.

Contrary to Ashley's suggestion, Rule 24.035(b) provides that "[f]ailure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to

---

[2] In both the State's motion to dismiss and Ashley's response thereto, the parties assert that Ashley was delivered to the Department of Corrections on February 7, 2017. The February 8, 2017 date comes from Ashley's amended motion. But even accepting the later date as accurate does not change the result here.

[3] Because we conclude that the prior version of Rule 24.035 controls, and thus the relevant question is when Ashley was delivered to the custody of the Department of Corrections, we need not address whether the entry of a corrected judgment affected the date the sentence was entered.

proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035." "By failing to timely file, [a] movant . . . completely waive[s] his right to proceed on his post-conviction relief claims according to the language of the Rules." *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012). "It is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules—*even if the State does not raise the issue*." *Id*. (emphasis added). Simply put, "[t]he State cannot waive movant's noncompliance with the time limits in Rules 29.15 and 24.035." *Id*.

Because Ashley was delivered to the Department of Corrections, at the latest, on February 8, 2017, his Rule 24.035 motion was due no later than August 7, 2017. As he did not file it until August 28, 2017, it was untimely and resulted in a complete waiver of his right to seek post-conviction relief under Rule 24.035. Consequently, the motion court did not err in dismissing Ashley's post-conviction proceeding. Its judgment dismissing the case is affirmed.

_____
Karen King Mitchell, Chief Judge

Alok Ahuja and Thomas N. Chapman, Judges, concur.

4