

# In the Missouri Court of Appeals
## Western District

JAMES R. THOMPSON, )
              Appellant, )      WD82221

v. )

STATE OF MISSOURI, )      **FILED: September 24, 2019**
           Respondent. )

## APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY
### THE HONORABLE CHRISTINE CARPENTER, JUDGE

### BEFORE DIVISION TWO: LISA WHITE HARDWICK, PRESIDING JUDGE,
### THOMAS H. NEWTON AND MARK D. PFEIFFER, JUDGES

James Thompson appeals from the denial of his Rule 29.15 motion for post-conviction relief after he was convicted of first-degree murder. He contends his trial counsel was ineffective for failing to request that a venireperson be struck for cause. For reasons explained herein, we find no error and affirm the motion court's judgment.

### FACTUAL AND PROCEDURAL HISTORY

In April 10, 2013, Thompson and his accomplice, Casey Lewis, murdered Brian Daniels by shooting him three times. Thompson was Daniels's friend and caretaker. Daniels had been badly burned in an apartment fire and was unable to maintain his house due to his injuries. Daniels had received a settlement of approximately five million dollars from a lawsuit stemming from the fire. Before Thompson and Lewis killed Daniels, Thompson forged a document purporting to be Daniels's will, which

bequeathed all of Daniels's money and property to Thompson, and another document purporting to be a power of attorney, which named Thompson as Daniels's attorney-in-fact. After the murder, Thompson confessed the details of the murder to another friend.

The State charged Thompson with first-degree murder, and a jury trial was held. During voir dire, defense counsel asked the venire panel whether any of them felt that the defense should put on evidence. One venireperson responded that she believed the defense would need to present evidence. After defense counsel explained that he would be cross-examining the State's witnesses and questioning the evidence that the State introduced, he asked again if anyone was "going to require the defense to put on evidence." Another venireperson responded:

> He's assumed innocent at this point, but the State is going to do their best to prove that he's not that way, that he's guilty. And you have to counter that. And I would believe that just cross-examining the witnesses is not – insufficient. I would think you would have to present further evidence beyond that.

Defense counsel asked if anyone else felt that way. Venireperson 38 replied, "Yes. I think that if you don't bring that out in your cross-examination of the witnesses, then yes, you need to add a little bit more to that." When defense counsel followed up by asking venireperson 38 if she would require the defense to present evidence that Thompson was not guilty, she responded affirmatively. Defense counsel received similar responses from several other venirepersons.

Almost all of the potential jurors who had indicated that they would require the defense to present evidence were struck for cause, including two venirepersons whom defense counsel specifically requested to strike for that reason alone. Defense counsel did not move to strike venireperson 38 for cause, however, and she was not discussed

2

during the jury selection conference. Following the strikes for cause and peremptory strikes, the court read the list of venirepersons who would comprise the jury. Venireperson 38 was included on the list. Defense counsel did not object and, instead, acknowledged that the court's list was correct. Defense counsel did not object to venireperson 38's service on the jury at any point during the trial and did not include her service as a claim of error in his motion for new trial.

The jury found Thompson guilty of first-degree murder, and the court sentenced him to life in prison without the possibility of parole. We affirmed his conviction and sentence on direct appeal in a per curiam order. *State v. Thompson*, 506 S.W.3d 355 (Mo. App. 2016). One of the claims raised in his direct appeal was that the circuit court erred in failing to strike venireperson 38 *sua sponte* for cause. We found no basis for plain error relief, noting that, because the circuit court has no duty to remove any venireperson *sua sponte*, there was no evident, obvious, or clear error and, therefore, no plain error. Having found no plain error, we declined to proceed to the second step in the plain error analysis of determining whether the claimed error resulted in manifest injustice or a miscarriage of justice.

Thompson subsequently filed a *pro se* motion for post-conviction relief, which was later amended by counsel. One of the claims in his amended motion was that defense counsel was ineffective for failing to request that venireperson 38 be stricken for cause after she "unequivocally" stated during voir dire that she would require the defense to present evidence that Thompson was not guilty.

An evidentiary hearing was held. Defense counsel testified on direct examination that he was unable to remember venireperson 38 specifically and did not remember

3

whether he requested that she be struck for cause or whether she served on the jury. On cross-examination, defense counsel testified that he knew before the trial started that Thompson was going to testify and that he was planning to call multiple witnesses to testify on Thompson's behalf. Defense counsel further testified that Thompson did, in fact, testify for over six hours and that the defense called eight witnesses. Defense counsel stated that, when he asked venirepersons during voir dire whether they would require the defense to put on evidence, he already knew that he would put on evidence and, essentially, was "asking a hypothetical question that [he] knew would never occur." He testified that, as a result, he was not "too concerned" if a panelist said that he or she would require him to put on evidence.

In denying this claim, the motion court found that defense counsel was not ineffective because he provided an acceptable explanation for why he failed to move to strike venireperson 38. Additionally, the court found that Thompson was not prejudiced by venireperson 38's service on the jury because defense counsel did, in fact, present evidence. Thompson appeals.

## STANDARD OF REVIEW

We review the denial of a post-conviction motion for clear error. Rule 29.15(k). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves us with a definite and firm impression that a mistake was made. *Edwards v. State*, 200 S.W.3d 500, 509 (Mo. banc 2006). We presume the motion court's findings and conclusions are correct. *Id*.

To obtain post-conviction relief on an ineffective assistance of counsel claim, Thompson had to establish, by a preponderance of the evidence, that his counsel failed

4

to exercise the customary skill and diligence of a reasonably competent attorney under the same or similar circumstances and that he was thereby prejudiced. *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To demonstrate prejudice, Thompson had to show that "'there is a *reasonable probability* that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Deck v. State*, 68 S.W.3d 418, 426 (Mo. banc 2002) (quoting *Strickland*, 466 U.S. at 694)).

### ANALYSIS

In his sole point on appeal, Thompson contends the motion court clearly erred in denying his claim that defense counsel was ineffective for failing to strike venireperson 38 for cause. Thompson argues that venireperson 38's statement that defense counsel would need to present evidence that he was not guilty showed a "clear inability" to follow the court's instructions regarding the proper burden of proof.

Generally, the decision to strike a venireperson is a matter of trial strategy. *Collins v. State*, 226 S.W.3d 906, 911 (Mo. App. 2007). "Reasonable decisions regarding trial strategy cannot be the basis for an ineffective assistance of counsel claim." *Id.* (citation omitted). "However, the failure to challenge a venireperson who admits to a prejudice to the defendant's detriment constitutes ineffective assistance absent an acceptable explanation." *Id.* (citation omitted).

Here, the motion court found credible defense counsel's explanation that he did not move to strike venireperson 38 because he always knew that he would be presenting evidence, including Thompson's testimony; consequently, he was not "too

5

concerned" about venireperson 38's statement that, if defense counsel did not adequately challenge the State's case through cross-examination, she would expect him to put on some evidence. The motion court also found credible defense counsel's testimony that his voir dire question regarding whether venirepersons would require the defense to put on evidence was merely a hypothetical question for a situation that he knew would never occur. Deferring to the motion court's credibility determination, we find that the motion court did not clearly err in finding that defense counsel had an acceptable explanation for not moving to strike venireperson 38 and, therefore, his failure to move to strike her did not constitute deficient performance.

Moreover, Thompson failed to demonstrate that he was prejudiced by venireperson 38's service on the jury. Where a juror indicates an expectation during voir dire that the defendant will present evidence and the defendant presents evidence, "*the possibility of prejudice* disclosed by [the juror]'s voir dire examination evaporate[s]." *State v. Hadley*, 815 S.W.2d 422, 424 (Mo. banc 1991) (emphasis added); *State v. Ebeirus*, 184 S.W.3d 582, 586 (Mo. App. 2006). The motion court did not clearly err in finding that Thompson suffered no prejudice by defense counsel's failure to move to strike venireperson 38. Point denied.

## CONCLUSION

The judgment is affirmed.

_____

LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

6