

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| ROMELL SANDERS, | ) | No. ED111749 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | Cause No. 1622-CC09935 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Elizabeth B. Hogan |
| | ) | |
| Respondent. | ) | Filed: June 25, 2024 |

**Introduction**

Appellant Romell Sanders appeals the motion court's judgment denying his amended Rule 24.035[1] motion for post-conviction relief after an evidentiary hearing. Appellant pleaded guilty to one count of the Class A felony of robbery in the first degree, § 569.020, one count of the Class B felony of assault in the first degree, § 565.050, one count of the Class C felony of unlawful possession of a firearm, § 571.070, and two counts of the unclassified felony of armed criminal action, § 571.015. He was sentenced to four concurrent terms of twenty years and one concurrent term of fifteen years, for a total of twenty years' imprisonment. On appeal, Appellant argues that the motion court clearly erred in denying his amended motion because plea counsel was ineffective

---

[1] All Rule references are to the Missouri Supreme Court Rules (2023), unless otherwise indicated.

for unreasonably coercing him to enter into an unknowing, unintelligent, and involuntary guilty plea. We dismiss this appeal for non-compliance with Rule 81.12.

## Factual and Procedural Background

Appellant was charged as a prior and persistent offender with first-degree robbery, first-degree assault, unlawful possession of a firearm, and two counts of armed criminal action for forcefully stealing property from a local restaurant and shooting a victim.

At the plea hearing, the court placed Appellant under oath and asked a series of questions regarding plea counsel's performance and effectiveness and Appellant's understanding of the charged offenses and of his guilty plea. Appellant affirmed that he was satisfied with plea counsel's performance, that he had sufficient time to speak with plea counsel, that he understood his options, and that his guilty plea was voluntary.[2] The court then accepted Appellant's guilty pleas and informed him that he would be sentenced according to the sentencing assessment report, continuing the cause until the sentencing hearing.

At Appellant's sentencing hearing, the court again asked Appellant several questions regarding plea counsel's performance. Appellant indicated that his attorney explained to him the maximum and minimum punishments for the charged offenses. Appellant stated that he understood what his guilty plea entailed and that he was doing so voluntarily. The court found that Appellant was properly advised of his rights under Rule 24.035 and that there was no probable cause to find that plea counsel provided ineffective assistance. The court sentenced Appellant to twenty years' imprisonment and explained the basis for its chosen sentence.

---

[2] As later discussed in more detail, Appellant has failed to file with this court the transcripts from the plea and sentencing hearings. "Where no transcript is filed, evidentiary omissions will be taken as favorable to the trial court and unfavorable to the appellant." *Delf v. Cartwright*, 651 S.W.2d 622, 624 (Mo. App. E.D. 1983).

Subsequently, Appellant timely filed a *pro se* post-conviction motion under Rule 24.035. Appointed counsel then filed an untimely amended motion. The motion court conducted an abandonment hearing and found that Appellant had been abandoned by appointed counsel, accepting the untimely amended motion. Appellant's amended motion argued that his guilty plea was not knowing or voluntary because plea counsel had misinformed him that, if he pleaded guilty, he was guaranteed to receive a total sentence no greater than fifteen years' imprisonment.

The motion court conducted an evidentiary hearing and denied Appellant's post-conviction motion, finding that the transcripts from the plea and sentencing hearings confirmed that Appellant understood that he was not promised a particular sentence, and that Appellant understood that the court could consider the entire range of punishment for his charged offenses.

This appeal follows.

## Standard of Review

Our review of the denial of a Rule 24.035 motion is limited to whether the motion court's findings of facts and conclusions of law are clearly erroneous. Rule 24.035(k); *Weeks v. State*, 104 S.W.3d 39, 44 (Mo. banc 2004). The movant bears the burden of showing by a preponderance of the evidence that the motion court clearly erred in its ruling. *Stacker v. State*, 357 S.W.3d 300, 303 (Mo. App. E.D. 2012).

## Discussion

"On appeal, a reviewing court examines whether the case record, as a whole, supports a finding that the plea was knowingly and voluntarily entered." *Booker v. State*, 552 S.W.3d 522, 528 (Mo. banc 2018). The motion court based its denial of Appellant's amended Rule 24.035 motion on the transcripts from Appellant's plea and sentencing hearings, necessitating our review of these documents. However, in derogation of the requirement of Rule 81.12(a) that "[t]he record

3

on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented," Appellant has failed to file as exhibits both the plea and the sentencing transcripts, precluding meaningful review of the matter. *Davis v. Johnson Controls, Inc.*, 549 S.W.3d 32, 37 (Mo. App. E.D. 2018); *see also Acton v. Rahn*, 611 S.W.3d 897, 904 (Mo. App. W.D. 2020) ("An appellant is responsible for filing transcripts of the evidence and for preparing a legal file so that the record on appeal contains all of the evidence necessary for determination of the questions presented to the appellate court for determination.") (citing *Home of Hope v. McDonald (In re McDonald Revocable Trust)*, 942 S.W.2d 926, 932 (Mo. App. S.D. 1997)).

Because Appellant has failed to provide us with the record on appeal necessary to determine the claim of error he raises on appeal, as required by Rule 81.12, we dismiss. *See, e.g., Evans v. State*, 70 S.W.3d 483 (Mo. App. W.D. 2002).

## Conclusion

For the reasons set forth above, Appellant's appeal from the motion court's denial of his Rule 24.035 motion, after an evidentiary hearing, is dismissed.

_____
Renée D. Hardin-Tammons, J.

Kurt S. Odenwald, P.J., and
Michael E. Gardner, J., concur.

4